Good morning, Your Honor. Please, the Court, Christine Ewell and John Claude Andre for the United States. In this fraud case and tax evasion case, the defendant pled guilty to defrauding over 50 innocent victims of approximately $3.4 million. And he also pled guilty to evading over $341,000 in income taxes that he owed on over $1 million that he received in a completely separate scam. In response, the district court imposed a sentence of a mere year and a day imprisonment on the fraud count and a sentence of straight probation for evading over $341,000 in income tax. The district court gave in support or justification of that sentence the following. The sentence is imposed pursuant to Title 18-3553A and the provisions and the requests of the government for a downward departure for credit for, I think he's, along with the charge of obstruction of justice. It's abundantly clear on the record that the district court's decision is procedurally deficient. That simply is not a sufficient explanation of reasons for why the district court would sentence on the fraud count to a year and a day and on the income tax evasion to a sentence of straight probation. Was this a pre-Gaul case? It was, Your Honor. So he didn't have the benefit of the Supreme Court's pronouncement of the rules of play. I believe that's true insofar as Gaul is concerned. I didn't get to my question. My question is, why should Gaul be retroactive? Why should we undo things? What is the rule when we apply Supreme Court determinations to cases that are pending? 3553C has always required district courts to give a statement of reasons for their sentences. That was true before Gaul. It's true after Gaul. And that's what the district court did not do in this case. It's not necessary for the district court in this case to have had the benefit of Gaul and the procedure that the Supreme Court laid out in that case in order to come to the conclusion that this case is procedurally deficient. So you'd make the same argument whether this, whether Gaul was on the books or not? I would, Your Honor. When we normally apply a case like Gaul to cases on direct appeal, not habeas, but if there's a direct appeal where Gaul comes down after the sentencing but before we get the appeal, isn't there a law that says we normally on direct appeal give a Supreme Court precedent application? Yes, I believe that's true, Your Honor. Yes, I believe that's true. I think that the, in addition to the procedural deficiencies in this case, the more interesting question is the substantive unreasonableness of the sentencing in this case, taking together the totality of the circumstances, including the wide variance from what at least the parties agreed were the sentencing guidelines in this case. The sentence is clearly substantively unreasonable. Let me ask you about that. Doesn't Gaul also tell us that we're to defer to the district court on substantive issues? Defer in terms of abuse of discretion? Absolutely, that's what Gaul says. It doesn't say that the court of appeals is to merely be a rubber stamp for whatever the district court says. It says that the court of appeals is responsible for determining that the sentence imposed by the district court was reasonable. But here because of the procedural defaults by the, assuming we so find by the district court, we don't really have anything to review. In terms of, that's correct, in terms of whatever the reasons underlying the district court's decision, for substantive review it's difficult. However, I think this case is unique in that what this court has before it is what the district court had before it. This isn't a case where there was a trial or evidentiary hearings where the district court had available to it additional facts not before this court. What is in the excerpts of record in this case is what was before the district court. The only other proceedings in this case were, I believe, a short status conference and the change of plea itself, the terms of which are incorporated in the plea agreement which is in this record. Now, the Supreme Court, and Mr. Medawar sent us in a 28-J letter the fact that Thurston was GDR, was granted, vacated and remanded by the Supreme Court. And in that case, the circuit had said, well, we'll give some guidance or we'll say this is substantively unreasonable or this is what's reasonable, and the Supreme Court vacated that. How should we take that as guidance from the Supreme Court? First of all, with respect to the Thurston case, it's not brought any precedent in this circuit in any event. And it was simply offered by the government as an illustration of what this court could do in order to fashion a remedy that does not simply put the victims in this case on the merry-go-round back and forth between this court and the district court that seems to typify, typify, excuse me, the relationship between this district court and this court. It provides an alternative so that, as this Court can see on the facts of this case, a minimum of 33 months is a reasonable sentence and instruct the district court accordingly. That doesn't say it must be 33. It accords with various cases that say that reasonableness is not a range, it's not a point. But it does avoid having to have this case ping-pong back and forth between this court and the district court. I'd also point this Court to, excuse me, the decision in Moreland, which essentially did the same thing. A district court imposed a substantively unreasonable sentence. Again, this is a Fourth Circuit case. And when sending it back, the court of appeals instructed that no sentence of less than 20 years would be substantively reasonable. Was that one of the child pornography? Moreland was, I believe, a drug offense. Pew was the child pornography case that we cited in our 28-J letter. I want to ask you a question about whether we should get to reasonableness. Okay. Let's say you're right that procedurally there's a problem, reasonableness is a problem. There's a question of whether we have or should decide both issues. Now, I called your attention Gull, which tells us it must, we, the district court, must first ensure that the district court committed no significant procedural error, such as failing to calculate, et cetera, et cetera, and then goes on to say that assuming the district court's sentencing decision is procedurally sound, the appellate court should then, should then consider the substantive reasonableness. Now, if you're right on both issues, then we wouldn't get to substantive, of whether or not the sentence is unreasonable. We would send it back for procedural error. Is that correct under Gull? Your Honor, I think it certainly can be read that way. However, I don't think it explicitly says that you may not consider the substantive reasonableness. How would you interpret this language that says just the opposite of what you just told me? Well, again, I agree with the interpretation that Your Honor has given it. However, I think that without an explicit statement that says courts of appeals may not get to Step 2 if the district court doesn't pass Step 1, then I think that it's arguable that this Court can and should reach both Step 1 and Step 2 on the facts of this case. I have two minutes left, if I might be able to reserve that for rebuttal. Thank you. Thank you. Good morning. Good morning. Your Honor, it's Darrell Snyder, appellate room, and representing Defendant Joseph Medawar. At the outset, I think it's critical to focus on what really is the issue on appeal today. The issue is did the district court judge in this case abuse his discretion in imposing the sentence that he did under the particular facts and circumstances of this case? And as Judge Ocudo, you pointed out, the district court certainly has broad discretion under Rita, Gall, Booker, and the long tradition in this country of giving great deference to the district court in sentencing matters because of their vantage point, because of their experience, because of the fact that they have the entire record laid out before them. Now, what I'd like to do very quickly here is try and clear out the underbrush on a few of the things that are not questions here so that we can focus in on what really is the question, which is reasonableness. First of all, this appeal is not about, and there is no issue presented for this court to resolve, about whether this case should be vacated and remanded with some specific instructions on a particular calculus of how the district court should go about the process of imposing a sentence. Because of those Supreme Court cases and because of the tradition in this circuit, this court should not do that. Even before Gall, while there were some circuit courts that required extraordinary circumstances to deviate from the guidelines or required some kind of proportional adjustment and some kind of ritualistic, mechanical, arithmetic approach to this because those circuits were much more in favor of the guidelines still being mandatory even though they became advisory after Booker. This court has never applied that kind of mechanistic approach. It has paid great deference to the trial court. And the fact that after Gall, the Supreme Court has just vacated and remanded Thurston is quite important. It said we're going to vacate and remand in the light of our decision in Gall. Counsel as a former district judge, that just resonates wonderfully with me because I've sentenced hundreds of people, unfortunately. But on the other hand, none of the Supreme Court have ever been district judges. And that's not necessarily a detriment, I suppose. But their statement, their statement indicates just to the contrary in Gall that I read to your adversary indicating what's required procedurally and that we have to assess those procedural steps before we get to substantive issues of reasonableness. Now, how do we, how would you, how would you interpret Gall, which seems to be direct instruction to the court of appeals as to how we're to address these cases? I agree that not only under the Supreme Court's decision in Gall, but in Rita before that, and in this Court's own decisions in Manyweather and several other cases, that there is a two-prong approach, as we say in our brief. You first have to look at whether there was procedural error. Then you look at whether the sentence was reasonable, which is another way of saying abuse of discretion. But the key here is that the government has mischaracterized, I believe, perhaps not intentionally, but their belief as to what is a procedural error, they are now tying that completely to how much of an explanation the court gives. And those really need to be looked at separately. Let me explain. First of all, in the courts that we've just spoken about who talk about procedural error, they're talking about whether the district court began with looking at the sentencing guidelines and the base offense level. This court began with looking at the sentencing guidelines and the base offense level. How do we know that? We know that because the pre-sentence report, the United States Probation Office, the government, and the defendant all agreed that the base level amount, as it was calculated, was 108 to 135 months. They all agreed that the offense level was 31 after taking into account a credit of three for accepting responsibility. The government then recommended a six-level downward departure for substantial assistance or cooperation, which got down to level 25. There was no dispute in this case, which explains why there's not a big discussion about it on the record. But did the district court say anything on those points or adopt the PSR? The district court had before it the PSR and the arguments in the briefs. But in the transcripts of the hearing, there is not a big discussion about it because it was all in agreement. But there was no discussion, right? The district court said nothing on that point. I believe that's correct, Your Honor. The district court, you know, if you look at what the district court did, and I understand that one of the reasons for having judges at the trial level explain what they're doing, and if that's what this court requires, then that would be fine. But one of the reasons, there's two basic principles. One is you have to be able to have meaningful or effective appellate review. And, two, we want to instill public confidence in our judicial administration, in our system. Here, what I'm telling you, Your Honor, is that if you look at this record as a whole, you look at what was presented to the court, and in Rita, I would suggest that what the judge said in Rita is no more, no greater, or different in any substantive way than what was said here. The judge just said in Rita, and it was upheld by the U.S. Supreme Court, eight justices said that it was enough of a statement. And in the opinion by Judge Breyer, he said, well, the judge just said, you know, it was appropriate under the circumstances. He didn't go through the factors. He didn't say something about how he had calculated this or that or the other thing. He made a very brief statement in Rita, which is this. After hearing the arguments, the judge concluded that he was unable to find that the sentence in guideline range is an inappropriate guideline range, and under 3553, the public needs to be protected. And so I accept the verdict of the jury. But didn't Gall distinguish Rita? Rita was a within-guideline sentence, and Gall, the court said, where you depart from the guidelines, you need to give a more significant justification. Yes. But the key word there is justification, Your Honor. And I'm not trying to, you know, cut it too finely here. But what the court said in Gall, and this is at page 597, which is quoted by the government. The government says it's not controversial that a major departure should be supported by a more significant justification than a minor one. Now, the question is, how can one determine whether there was a more justification here? I submit on this record, and as Judge Gould said in the Perez case and in Nose's gun, there's no particular articulation that is required. The test is, if you look at the record as a whole, you look at the transcript, you look at the briefs, there was testimony here from seven of the victims. There was the pre-sentencing report. All of that was in front of Judge Reel at the time. Now, this was pre-Gall, and it was Rita. He did not go on to give a big explanation. But the explanation he gave is about like the one in Rita. So now we come to Gall. Now, with Gall, was there greater justification for this departure down to what he imposed, which is a year and a day? And I would say, if you look at the record, and I realize it doesn't make review at this level easy. But the test is not whether it's easy. It's whether it's effective or meaningful. So if you need more information because you're the only ones who can decide whether there's enough here for effective or meaningful review, then it should go back to Judge Reel and give him an opportunity to provide a better explanation. But I believe on this record there's enough here to satisfy the reasonableness test. And so the procedural errors did not occur because that has to do with starting with the appropriate starting point and benchmark, and he did that. He didn't say it in the hearing, but he did that. Everybody understands that he did that. Nobody contests that he didn't do it. It's just that he didn't say it. But he started with the appropriate starting point. You mean starting point of the guidelines? Of consideration of the guidelines and the calculations of the base offense level and the range. I didn't see anything in what he said that he had done that. He just said a year and a day. He didn't. You're right, Your Honor. He did not say, here's how I did it, and this is the Rosetta Stone. What he did was he started with what both the parties in the U.S. Probation Office gave him and then listened to all the testimony and then imposed the sentence he did. So I am saying that it does require some inferences. It's not laid out as clearly as the court perhaps would like. And if it does go back, I think most importantly, if it does go back, there's no basis whatsoever for remanding with instructions of what some reasonable sentence would be or what a minimum sentence would be. That is just by the boards after the Supreme Court's Gall decision and after Thurston. And, Judge Okuda, you're absolutely right. None of those, as you were talking about in the prior argument, not this one, but none of those tests that you and Judge Wallace articulated in the New Mexico investment case or that was articulated in the Sears-Robut case, none of those tests are satisfied here in terms of remanding this and then trying to reassign it to another judge. There's no showing of personal bias. There's no showing that somehow this judge is so entrenched that he can't comply with this court's orders as to this particular matter. And so if it does go back, it should go back simply to allow the judge an opportunity to provide a greater explanation, not with any particular guidance or telling him how to do it because that's not consistent with either the law or this court's tradition and his discretion. And it certainly should not go back with respect to trying to reassign it to another judge. We've looked at Ninth Circuit precedent, and while there have been some cases that have been vacated and sent back to a different judge, they usually bend on the second or third go-round, whether it be Judge Reel or someone else. There's only one that I've ever seen that went back on the first go-round. And so we believe there's enough here for this court to find that he did not abuse his discretion, that the sentence imposed is reasonable because of this mix of punishments, a year and a day of hard prison time, 3,000 hours of community service, five years of probation, nine months of electronic surveillance, restitution for the victims, payment of back taxes. This was not some kind of a light sentence. The only thing that the government really disagrees with is the amount of the hard prison time. It was below the guideline amount, but this entire set of punishments is what you have to look at when you're assessing reasonableness. The entire set of what he did, was that reasonable? In Gaul, the judge had imposed probation, and the Supreme Court said that, nevertheless, that sentence could be affirmed. So I see that I'm out of time. Briefly, with respect to the procedural aspect, much as the defense would like there to have been something on the record indicating that there was a guidelines calculation or a consideration of 3553 or a statement of reasons, there was simply nothing. The record is completely lacking any of those, which constitutes procedural error in any number of ways. With respect to the suggestion that it be sent back to a different district judge, we have not specifically requested that. I'm happy to support that position or argue that position if the Court would like. I think that what the government has asked for in this case is a less drastic alternative. Because this Court has the entire record before it in this case, this Court can see that a year and a day, effectively ten and a half months in prison, is substantively unreasonable. It is an insult to the victims who have lost their life savings. To say that three months in a prison camp for each million dollars that you steal from these poor victims is enough. It's just not enough. It's wrong. It does not promote respect for this judicial system. It does not provide deterrence to this kind of crime. Putting aside completely the fact that the district court imposed a sentence of straight probation for evading income tax on over a million dollars of ill-gotten gain, it's just wrong. And the government is asking this Court to do something about it that is likely to result in a meaningful sentence to address the losses that have been suffered by these victims. And I submit that simply sending it back to the district court without any specific instructions would not solve the problem. The Court in Rita said that in sentencing, as in other areas, district judges at times make mistakes that are substantive. At times they will impose sentences that are unreasonable. Circuit courts exist to correct such mistakes when they occur. The government requests that this Court correct that mistake by sending it back with instructions that a sentence of less than 33 months would be substantively unreasonable. Thank you. This case is submitted.
judges: Wallace, Gould, Ikuta